UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-81270-CV-MIDDLEBROOKS/BRANNON

LAURA HILTON and ANNA NIKERINA,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

FLUENT, LLC, and
REWARD ZONE USA, LLC,

    Defendants.
_____/

**REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Fluent, LLC ("Fluent") and Reward Zone USA, LLC ("Reward Zone") (collectively, "Defendants"), in reply to *Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration* (the "*Response*") [ECF No. 29] and in further support of their *Motion to Compel Arbitration* ("*Motion*") [ECF No. 22], state as follows:

### INTRODUCTION

On January 12, 2018, Defendants filed their *Motion*, attached to which is the Declaration of Dan Barsky ("Barsky Decl.") [ECF No. 22-1], seeking to compel Plaintiffs Laura Hilton ("Hilton") and Anna Nikerina ("Nikerina") to arbitrate their claims of violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").  Defendants showed the Court that both agreed to the Terms and Conditions of Reward Zone's website, which contain a mandatory dispute resolution provision requiring that their claims be arbitrated before the American Arbitration Association in New York, and not litigated in Florida (or any other) courts. *See Motion* at 2-6.  Defendants further explained that an arbitration has been instituted against

both Hilton and Nikerina to address these issues. *See id*. at 6; Barsky Decl. at ¶13.[1] In partial response, Plaintiffs filed a *First Amended Complaint* [ECF No. 27], adding three new plaintiffs, and also filed their *Response* [ECF No. 29]. As recognized by Plaintiffs in filing both an amended pleading and the *Response*, the *First Amended Complaint* does not moot the arbitration issue. Whether considered as framed by the original pleading or the amendment, Hilton and Nikerina must arbitrate any claims they may have.[2]

As set forth in the *Motion*, the party resisting arbitration bears the burden of showing that the arbitration agreement is invalid. *See Motion* at 8 (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002)). Plaintiffs have failed to meet their burden. Although they argue that they never agreed to arbitrate their claims, *see, e.g., Response* at 5-6, this argument is based on very carefully-worded declarations, which expressly <u>do not deny</u> that they visited a Reward Zone website, thus binding them to the Terms and Conditions – and therefore to arbitration. *See* Declaration of Laura Hilton ("Hilton Decl.") [ECF No. 29-1]; Declaration of Anna Nikerina ("Nikerina Decl.") [ECF No. 29-2].

Because Plaintiffs have failed to carry their burden to show that a valid and enforceable agreement to arbitrate does not exist, the *Motion* must be granted and Plaintiffs' claims must be compelled to arbitration.

## FACTS

As established by the *Motion*, Hilton and Nikerina visited a Reward Zone website and input their telephone numbers on which their TCPA claims are based, which is the only way

---

[1] In addition, the *Motion* notes that Plaintiffs' attempt to proceed on a class basis is barred by their express waiver of any right they may claim to bring or participate in a class action against Defendants. *See id*. at 6.

[2] As will be demonstrated when Defendants file their response to the *First Amended Complaint*, the new plaintiffs are likewise bound to arbitrate their claims.

texts would be sent to those numbers. *See Motion* at 2-6. In response, Plaintiffs submit form declarations with almost-identical declarations contending that certain of the information input along with the numbers is incorrect. *See* Hilton Decl. [ECF No. 29-1] at ¶ 3; Nikerina Decl. at [ECF No. 29-1] at ¶3. However, the Court cannot ignore the undisputed fact that the telephone numbers on which Plaintiffs claims are based are the telephone numbers which were input into the Reward Zone system, and every user who does so – *i.e.*, here, Hilton and Nikerina – consents to the Terms and Conditions and consents to, *inter alia*, to arbitration (as well as to receiving to texts to that number). This is explained in the Barsky Declaration, *see id*. at ¶¶ 5-11; it is further explained in more detail in the *Declaration of Mitenkumar Bhadania in Support of Defendants' Reply (*etc.*)* (**Exhibit 1**; "Bhadania Decl."), *see id*. at ¶¶ 4-32. Simply stated, <u>it is impossible for texts to be sent to a telephone number unless that number was input by a user who consented to receive texts and agreed to the Terms and Conditions. Moreover, any errors in the associated information – such as the name, e-mail, zip code, *etc*. – can only be the result of inadvertent **or intentional** user error</u>. *See* Bhadania Decl. at *id*.

Plaintiffs' carefully-worded declarations must be read in this context. They base their TCPA claims on the telephone numbers used, but they unequivocally deny the accuracy of certain information supplied during the creation of the user profiles tied to those exact telephone numbers – and use perfectly parallel language in so doing. *See*, *e.g.*, Hilton Decl. at ¶¶ 4-11; Nikerina Decl. at ¶¶ 4-9 (*e.g.*, "I <u>did not</u> complete the form…"; "My date of birth <u>was not on</u> …"; "My zip code <u>has never been</u> …"; "My email address <u>has never been</u> …") (emphasis added). They <u>do not</u>, however, unequivocally deny that they visited the Reward Zone website into which their telephone numbers were input.

Instead, using identical wording (to the typo), they "dispute Mr. Barsky's claim that I visited a Reward Zone's (sic) website on [date]." *See* Hilton Decl. at ¶ 3; Nikerina Decl. at ¶ 3.

3

"Dispute" and "deny" have fundamentally different meanings. "Dispute" means "to engage in argument: debate; especially: to argue irritably or with irritating persistence." However, "Deny" means "to declare untrue."[3] Thus, Plaintiffs chose only to debate whether they visited a Reward Zone website; <u>but they do not deny it.</u>

Plaintiffs' equivocations regarding their use of Reward Zone's websites are highlighted by the Bhadania Declaration. As Mr. Bhadania explains, users of Reward Zone's websites must agree to the Terms and Conditions, including the mandatory arbitration provision, and they consent to the Terms and Conditions by clicking "Submit." *Id*. at ¶¶ 11-12; 21-22. Mr. Bhadania establishes that the users who provided Nikerina's and Hilton's telephone numbers – again, which Hilton and Nikerina claim as their own in bringing this action – during the creation of the Hilton and Nikerina user profiles did, in fact, click "Submit" and agreed to the Terms and Conditions. *Id.* Mr. Bhadania further points out that, "It would be highly unusual for a bona fide user of one of Reward Zone's or Fluent's websites to provide misleading information if the user's intent was to actually participate in promotional programs or reward surveys. "<u>A user would have no legitimate purpose to input inaccurate information, because then he or she would not obtain the benefits for which the user visited the website and signed up for the promotions or rewards</u>." *Id* at ¶ 32.

Of course, a user who wanted to gin up a TCPA claim would do exactly that. Here, it is truly remarkable that two of the five Plaintiffs – Hilton and Brooks – just happen to have mismatched information (*i.e.*, the name does not match with the telephone number provided) and Plaintiff Ebonie Orr does not even appear in Fluent's or Reward Zone's Database at all. *See id.* at ¶ 32.

---

[3] *See* https://www.merriam-webster.com/dictionary/dispute (last visited Jan. 23, 2018); https://www.merriam-webster.com/dictionary/deny (last visited Jan. 23, 2018).

## ARGUMENT

### A. Plaintiffs Fail to Show They Did Not Consent to Arbitration.

A party opposing arbitration "has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325 (S.D. Fla. 1987) (Gonzalez, J.). Plaintiffs' self-serving Declarations do not constitute sufficient evidence to support their claims that they did not consent to arbitration. "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Here, the critical, central issue is whether Hilton and Nikerina visited a Reward Zone website and input their telephone numbers and other associated user data, and they categorically do not deny they did. Indeed, their careful wording is starkly highlighted by the fact that essentially every other statement in their brief declarations is framed as a categorical denial. *See* Hilton Decl. at ¶¶ 3, 4-11; Nikerina Decl. at ¶¶ 3, 4-9.

In addition to the commonly-understood dictionary definitions cited above, the word "dispute" has been interpreted to mean a "clear difference of opinion between the parties." *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995); *see also Carter v. Credit Bureau of Carbon County*, No. 14-cv-00873; 2015 WL 4450698, *3 (D. Colo. July 20, 2015) ("the plain meaning of 'dispute,' ('to argue about' or 'to call into question')"). Whether Plaintiffs have a "difference of opinion" with Defendants over their visiting a Reward Zone website is irrelevant; the fact that they do not deny doing so is dispositive of their arguments.

This is especially true given the context of the issue before the Court. The Eleventh Circuit has clearly expressed the guiding principle here: "[t]he [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues

5

*should be resolved in favor of arbitration.*" *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1358 (11th Cir. 2002) (internal quotations and citations omitted; emphasis in original). In this vein, Plaintiffs, as noted above, have the burden of showing that they should not be compelled to arbitration, and their clear refusal to deny explicitly that they visited the Reward Zone website (and thus consented to the Terms and Condition) fails to carry that burden in the face of the Barsky and Bhadania Declarations. *See Tinder*, 305 F.3d at 735 (plaintiff's statement that she does not recall receiving the arbitration notice is insufficient to raise a genuine issue of whether she received the arbitration notice); *Sanders v. Comcast Cable Holdings, LLC*, No. 3:07–cv–918–J–33HTS, 2008 WL 150479, at *6 (M.D. Fla. Jan. 14, 2008) (plaintiffs who filed affidavits denying receiving arbitration notices failed to create genuine issue of fact where notices were mailed in same envelope as cable bills and the bills were received and paid).

Accordingly, Plaintiffs fail to meet their burden and arbitration must be compelled.

**B.   All Issues of Scope Are Delegated to the Arbitrator.**

Plaintiffs also argue that their claims do not fall within the scope of the arbitration agreement. *Response* at 6. However, as demonstrated in Section I-C of the *Motion*, these issues are delegated to the arbitrator. *See id*. at 12-14 (citing *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) ("parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable"). The arbitration clause provides, "If you have a dispute concerning <u>any aspect of these Terms & Conditions</u> … you can submit your dispute for resolution by arbitration before the American Arbitration Association ('AAA') … . The arbitrator will have <u>exclusive authority to resolve any dispute</u> including any claim that all or any part of the Terms & Conditions, including this provision, are unenforceable." *See Motion* at 5 (emphasis added). Accordingly, whether Plaintiffs claims are

6

within the scope of the provision is a question for the arbitrator, and not for the Court. *See*, *e.g.*, *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1262 (11th Cir. 2017) (enforcing a delegation clause and leaving the gateway issues to the arbitrator); *Terminix Intern. Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1333 (11th Cir. 2005) (compelling arbitration where parties agreed to have arbitrator determine arbitrability); *Richemond v. Uber Techs., Inc.*, 263 F. Supp. 3d 1312, 1315 (S.D. Fla. 2017) (Gayles, J.) (finding that the agreements between the parties require an arbitrator to decide the threshold issue of enforceability); *Senior Services of Palm Beach LLC v. ABCSP Inc.*, No. 12-80226-CIV, 2012 WL 2054971, at *3 (S.D. Fla. June 7, 2012) (Cohn, J.) (granting motion to dismiss to allow the arbitrator to decide the validity of the arbitration clause where the parties agreed that arbitrability shall be determined by the arbitrator).

Despite this issue being raised in detail in the *Motion*, Plaintiffs do not challenge the delegation provision. That is fatal to Plaintiffs' argument:

> The Supreme Court has explained that where an arbitration agreement contains a delegation provision—committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable—the courts only retain jurisdiction to review a challenge to that specific provision. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 2779 (2010). Absent such a challenge, the Federal Arbitration Act (FAA) requires that we treat a delegation provision as valid and permit the parties to proceed to arbitration. *Id*. at 71-72, 130 S. Ct. at 2779; *see* 9 U.S.C. § 2. We hold that <u>when a plaintiff seeks to challenge an arbitration agreement containing a delegation provision, he or she must challenge the delegation provision directly</u>.

*Parnell*, 804 F.3d at 1144 (emphasis added).

In light of the broad delegation provision and the well-established law on the issue, the determination of whether Plaintiffs' claims are subject to arbitration is one for the arbitrator to decide.  Therefore, Plaintiffs attempt to avoid arbitration on this basis fails.

      C.      **Hilton's and Nikerina's Claimed Ignorance of the Terms and Conditions Does Not Constitute Grounds to Avoid Their Arbitration Commitment.**

Hilton and Nikerina contend they are not bound to arbitrate their claims against Defendants because they each state, "I have never seen or agreed to the Terms and Conditions" of Reward Zone's website. (Hilton Decl. at ¶10; Nikerina Decl. at ¶ 10). However, the failure of a party to an agreement containing an arbitration clause to read the document does not excuse the individual from arbitration. "In Florida, a party to a contract is not 'permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous.'" *La Torre v. BFS Retail and Commercial Operations, LLC*, No. 08-22046-CIV, 2008 WL 5156301, at *4 (S.D. Fla. Dec. 8, 2008) (O'Sullivan, M.J.) (quoting *Murphy v. Courtesy Ford, LLC*, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006)).

Further, even if Hilton and Nikerina did not read the Terms and Conditions, they were nonetheless made aware of the mandatory arbitration provision because Reward Zone's website clearly states, "I understand and agree to the Terms & Conditions which includes mandatory arbitration and Privacy Policy," just above the "Submit" button they clicked on the registration page. Bhadania Decl. at ¶¶ 11-12, 21-22. They thereby consented to the provisions of the Terms and Conditions whether or not they chose to read them and, consequently, they must arbitrate their claims. *See*, *e.g.*, *Kendall Imports, LLC v. Diaz*, 215 So. 3d 95, 101 (Fla. 3d DCA 2017) ("[T]he [plaintiffs] blindly signed the purchase order and the financial agreement, willfully agreeing to whatever the terms were. Therefore, we find that the trial court erred as a matter of law by invalidating the arbitration agreement on this basis.").

### D. Fluent's Non-signatory Status Does Not Prevent Fluent from Compelling Arbitration of Plaintiffs' Claims.

Plaintiffs finally argue that Fluent is not entitled to compel arbitration because it is not a party to the arbitration agreement. *Response* at 7-8. However, under Florida law, which governs this question,[4] a non-signatory is entitled to compel arbitration under the circumstances here.

"Florida and federal courts have recognized that a non-signatory can compel arbitration by a signatory to an arbitration agreement . . . under the doctrine of equitable estoppel . . . ." *Koechli v. BIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. 1st DCA 2004); *see also Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017) (equitable estoppel permits a non-signatory to an agreement to compel arbitration when the claims fall within the scope of the arbitration agreement). This doctrine applies where "substantially interdependent and concerted conduct" is alleged by a signatory against another signatory and a non-signatory. *Hmied v. Timpano Acquisition, LLC*, No. 13-CV-1002-ORL-36, 2014 WL 1293362, at *7 (M.D. Fla. Mar. 28, 2014) (citations omitted). That is exactly the situation before the Court.

As the basis for claiming Fluent is liable for their damages, Plaintiffs allege in both the *Complaint* and the *Amended Complaint*:

- "Reward Zone is a wholly owned subsidiary of Fluent …" [ECF No. 1, ¶ 3; ECF No. 27, ¶ 5];

- "Fluent <u>through Reward Zone</u>, covertly drives consumers to its websites …" [ECF No. 1, ¶ 4; ECF No. 27; ¶ 4 (emphasis added)];

---

[4] *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) ("a litigant who was not a party to the relevant arbitration agreement may invoke § 3 if the relevant state contract law allows him to enforce the agreement"); *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011) ("a nonparty may force arbitration if the relevant state contract law allows him to enforce the agreement to arbitrate."). Plaintiffs agree that Florida law governs the arbitration provision in this case. *See Response* at 7.

9

- "Fluent and Reward Zone <u>acted in concert</u>, as part of a joint venture, and/or Fluent had knowledge, consented to, and/or ratified Reward Zone's conduct." [ECF No. 1, ¶ 6; ECF No. 27, ¶ 7] (emphasis added)].

Indeed, Plaintiffs do not claim that they had any direct interaction with Fluent; all their claims are based on Reward Zone's actions. *See*, *generally*, *Complaint*; *First Amended Complaint*.

Thus, as Plaintiffs frame their claims, Fluent's conduct is "substantially intertwined" with that of Reward Zone's, and Reward Zone is indisputably a signatory to the contract (and Fluent's subsidiary). Plaintiffs' claims against both Defendants are thus based on identical facts and are inherently inseparable. As a result, Fluent is also entitled to compel arbitration of Plaintiffs' claims, as is Reward Zone. *See Escobal v. Celebration Cruise Operator, Inc.*, No. 11-21791-CV, 2011 WL 13175628, at *2-3 (S.D. Fla. June 23, 2011), *aff'd*, 482 F. App'x 475 (11th Cir. 2012) (affirming the district court's application of equitable estoppel and mandating arbitration against a non-signatory because the claims against the non-signatory were inextricably intertwined with those against the signatory); *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988) ("When the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement."). Notably, just this week, this Court compelled arbitration on a nearly identical set of facts, rejecting the same argument made by Plaintiffs. *See Citi Cars v. Cox Enter.*, No. 17-cv-22190-KMM, *slip op.* at 18-20 (S.D. Fla. Jan. 22, 2017) (Moore, J.) (copy attached as **Exhibit 2**).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order granting their *Motion to Compel Arbitration*, dismissing Hilton's and Nikerina's claims and compelling them to arbitrate in accordance with the Terms and Conditions, and granting such other and further relief as this Court deems just and proper.

10

                                                      Respectfully submitted,

Date:  January 26, 2018                **AKERMAN LLP**
                                                      777 South Flagler Drive
                                                      Suite 1100 West Tower
                                                      West Palm Beach, FL 33401
                                                      Tel: 561-653-5000
                                                      Fax: 561-659-6313

                                                      By: */s/ Erin M. Maddocks*
                                                           Lawrence P. Rochefort, Esq.
                                                           Florida Bar No. 769053
                                                           E-mail: lawrence.rochefort@akerman.com
                                                           Erin M. Maddocks, Esq.
                                                           Florida Bar No. 052350
                                                           E-mail: erin.maddocks@akerman.com

                                                   **AKERMAN LLP**
                                                   350 East Las Olas Boulevard – Suite 1600
                                                   Ft. Lauderdale, FL 33301
                                                   Tel.: 954-463-2700
                                                   Fax: 954-468-2454

                                                   By: */s/ Christopher S. Carver*
                                                         Christopher S. Carver, Esq.
                                                         Florida Bar No. 993580
                                                         E-mail: christopher.carver@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January, 2018, I electronically filed Defendants' Unopposed Motion for Extension of Time to Reply to *Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration* with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on parties as listed (through counsel or those reflected as appearing without counsel) on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                            */s/ Erin M. Maddocks*
                                                                            Attorney

## SERVICE LIST

*Hilton v. Fluent, LLC*
Case No. 9:17-cv-81270-MIDDLEBROOKS/BRANNON
U.S. District Court, Southern District of Florida

| *Counsel for Plaintiffs Laura Hilton and Anna Nikerina* (service by ECF) | *Counsel for Defendants Fluent, LLC, and Reward Zone USA, LLC* (service by ECF) |
|---|---|
| Manuel S. Hiraldo, Esq.<br>**HIRALDO P.A.**<br>401 East Las Olas Boulevard – Suite 1400<br>Ft. Lauderdale, FL 33301<br>Tel.: 954-400-4713<br>E-mail: mhiraldo@hiraldolaw.com<br><br>Stefan Coleman, Esq.<br>**LAW OFFICES OF STEFAN COLEMAN P.A.**<br>201 South Biscayne Boulevard – 28th Floor<br>Miami, FL 333131<br>Tel.: 888-333-9427<br>Fax: 888-498-8946<br>E-mail: law@stefancoleman.com | Christopher S. Carver, Esq.<br>**AKERMAN LLP**<br>350 East Las Olas Boulevard – Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel.: 954-463-2700<br>Fax: 954-468-2454<br>E-mail: christopher.carver@akerman.com<br><br>Lawrence P. Rochefort, Esq.<br>Erin M. Maddocks, Esq.<br>**AKERMAN LLP**<br>777 South Flagler Drive<br>Suite 1100 West Tower<br>West Palm Beach, FL 33401<br>Tel: 561-653-5000<br>Fax: 561-659-6313<br>E-mail: lawrence.rochefort@akerman.com<br>E-mail: erin.maddocks@akerman.com |