**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-81270-CV-MIDDLEBROOKS/BRANNON**

LAURA HILTON, ANNA NIKERINA,
EBONIE ORR, JOHN BROOKS, and
WHITNEY TRZUPEK, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

FLUENT, LLC, and
REWARD ZONE USA, LLC,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants Fluent, LLC ("Fluent"), and Reward Zone USA, LLC ("Reward Zone") (collectively, "Defendants") move to dismiss the *First Amended Class Action Complaint* ("*Amended Complaint*") [ECF No. 27] pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), FED. R. CIV. P. Plaintiffs' adding three new plaintiffs, alleging a new jurisdictional basis of diversity jurisdiction, and bringing a new TCPA claim in response to Defendants' initial motion to dismiss [ECF No. 23] serves only to underscore the Court's lack of personal jurisdiction with respect to the original plaintiffs and two of the three new plaintiffs. The new jurisdictional basis also fails, because Plaintiffs fail to allege diversity properly, as does the new count, because Plaintiffs can have no injury on this count and, therefore, lack standing to make the claim. Indeed, Defendants submit that Plaintiffs have no standing to make any of their claims because they have suffered no Article III injury, which issue the Eleventh Circuit is presently

considering. Finally, nothing in the amendment changes the fact Plaintiffs' claims are subject to arbitration.[1] Therefore, this action should be dismissed in its entirety.

In further support of this motion, Defendants state:

### INTRODUCTION AND BACKGROUND

On November 20, 2017, Plaintiffs Laura Hilton ("Hilton"), a resident of Ohio, and Anna Nikerina ("Nikerina"), a resident of Illinois, filed a single-count complaint alleging a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). [ECF No. 1]. In response, Defendants moved to compel arbitration pursuant to the Terms and Conditions agreed to by Plaintiffs when they visited a Reward Zone website [ECF No. 22] and moved to dismiss the action for lack of personal jurisdiction over Defendants, entities with no affiliations to Florida that would render them "at home" in this state [ECF No. 23].

On January 19, 2018, Hilton and Nikerina amended their pleading to add three new plaintiffs, Ebonie Orr ("Orr"), a "resident" of Kentucky, John Brooks ("Brooks"), a "resident" of Florida, and Whitney Trzupek ("Trzupek"), a "resident" of Colorado. *See Amended Complaint* ¶¶ 12-14. Plaintiffs also added Count II, on behalf of Brooks and Truzpek only, claiming violations of the "Do Not Call Registry" and seeking damages under 47 U.S.C. § 227(c)(5) of the TCPA. *See Amended Complaint* ¶¶ 129-139.

As to their specific allegations, Hilton alleges that on June 24, 2017, she received a text message from Reward Zone but did not provide Defendants with her express written consent to be contacted through an automatic telephone dialing system. *Id*. ¶¶ 47-50; 53. Similarly,

---

[1] Plaintiffs responded to the original motion to dismiss by filing an amended pleading; however, they recognized that the original motion to compel arbitration of Hilton's and Nikerina's claims was not mooted by the amendment and filed an opposition [ECF No. 29], to which Defendants have filed a reply [ECF No. 36]. That motion is fully briefed. Defendants are also moving to compel arbitration of the three new Plaintiffs' claims concurrently with this motion. The filing of this motion does not waive, and Defendants expressly preserve, their contention that all Plaintiffs' claims must be arbitrated (and on an individual basis).

Nikerina alleges she received a text message from Defendants on July 24, 2017, and makes the equivalent allegations. *See id*. ¶¶ 58, 63-69. Orr alleges that she too received an unsolicited text message from Defendants without her prior express written consent. *See id*. ¶¶ 79-82.

Brooks, the only plaintiff alleged to be a Florida resident, makes similar allegations to Hilton, Nikerina, and Orr, but also alleges that he registered his cellular telephone number with the Do Not Call Registry; his claims are based on the allegation that, on October 19, 2017, he received a single text message from Defendants. *See id.* ¶¶ 87, 93-96. Truzpek also claims to have registered her cellular telephone number with the Do Not Call Registry; she claims she received two text messages from Defendants without her prior express written consent, and suffered actual harm. *See id.* ¶¶ 101-104, 109, 112.

Brooks alone claims a connection to Florida, and the remaining plaintiffs attempt to piggy-back on his allegations to claim the Court has personal jurisdiction over the entire case. *See id*. ¶¶ 18-23. Finally, no plaintiff claims to be citizen of any state; each only claims to be "a resident of" Ohio, Illinois, Kentucky, Florida, and Colorado, respectively. *See id*. ¶¶ 10-14.

### SUMMARY OF ARGUMENT

The *Amended Complaint* should be dismissed for multiple reasons. First, this Court does not have personal jurisdiction over Defendants, both of which are limited liability companies organized under the laws of Delaware and headquartered in New York, with respect to the claims of Hilton, Nikerina, Orr, and Trzupek (the "Non-Resident Plaintiffs"), because none of them claims any injury in Florida. The Supreme Court has established that such allegations are insufficient to confer personal jurisdiction over Defendants. Consequently, the *Amended Complaint* must be dismissed for lack of personal jurisdiction as to the Non-Resident Plaintiffs.

Second, none of the Plaintiffs have properly pled diversity jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"). *See Amended Complaint* ¶ 17. Plaintiffs

have only pled their residence, *see id*. ¶¶ 10-14; however, diversity jurisdiction is based on "citizenship," *see* 28 U.S. C. § 1332(d)(1).

Third, even if the Court could properly exercise jurisdiction over the Non-Resident Plaintiffs (which it cannot), the *Amended Complaint* must still be dismissed with respect to Orr – as to both Count I and Count II – and as to Brooks and Trzupek as to Count II because they all lack Article III standing to make these claims. Orr has no standing to make any claim; her telephone number is a landline, to which no texts could have been sent by Defendants. Therefore, she has not suffered an "injury in fact," and lacks standing.

Likewise, Brooks and Trzupek lack standing to bring Count II, which is based on claimed violations of the "Do Not Call Registry" statute. Brooks has no claim at all because he only alleges receipt of one text message, but the statute requires receipt of "more than one." *See* 47 U.S.C.§ 227(c)(5) ("A person who has received more than one telephone call …. "). Both Brooks and Trzupek lack standing because neither can show any redressable injury under Count II. To the extent that they have a claim under Count I for receiving a text in violation of the TCPA, their recovery for that violation would constitute the maximum damages to which they could be entitled under Count II. "Do Not Call" violations entitle a claimant "to receive up to $500 in damages for each such violation," 47 U.S.C. § 225(c)(5)(A) (emphasis added), and the recovery for the TCPA violation claimed in Count I is also $500, *see* 47 U.S.C. § 227(b)(3)(B). Consequently, their recovery under Count I would bar them from recovery under Count II and, absent "injury in fact" and redressability, Brooks and Trzupek lack Article III standing. Therefore, Count II must also be dismissed.

Finally, Defendants submit that Plaintiffs lack standing to raise their claims in any event. The de minimis effect of receiving a text is insufficient under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), to constitute an injury sufficient to confer standing. Notably, this exact issue is

pending before the Eleventh Circuit in an appeal styled *Hanna v. Salcedo*, No. 17-14077 (11th Cir.), as a result of its acceptance of an interlocutory appeal from a TCPA case pending before the Honorable Darrin P. Gayles of this Court. Accordingly, to the extent that the Court is inclined to deny both this motion and Defendants' motions to compel arbitration and deems Plaintiffs' claims sufficient to show standing, Defendants submit that the Court should stay this action pending the Eleventh Circuit's decision, which obviously will inform the Court's consideration of Plaintiffs' claims.

### JURISDICTIONAL FACTS

In support of this motion, Fluent and Reward Zone re-submit the *Declaration of Daniel Barsky, Esq. in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction* [previously filed as ECF No. 23-1] ("Barsky Decl."), attached as **Exhibit A**.[2] Defendants also submit the Second Declaration of Mitenkumar Bhadania ("Bhadania Decl."), attached as **Exhibit B**.[3]

Mr. Barsky is the General Counsel, Chief Compliance Officer, and Secretary for Fluent and for Reward Zone. Barsky Decl. ¶ 2. His declaration establishes the following, which negates Plaintiffs' attempt to have the Court exert personal jurisdiction over Fluent and Reward Zone with respect to the claims of the Non-Resident Plaintiffs.

Reward Zone is a digital marketing company that operates promotional websites that collect and use first-party data to provide advertising and lead generation services for its advertiser customers. *Id.* ¶ 4. Fluent uses its websites to collect first-party data to assist brands in targeting and engaging with their consumers. *Id.* ¶ 22. Fluent and Reward Zone are both limited

---

[2] In evaluating a motion to dismiss for lack of personal jurisdiction, the Court is permitted to consider materials outside the pleadings. *See*, *e.g.*, *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) ("[A] judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue, and ineffective service of process.").

[3] The Bhadania Declaration is also being submitted in support of Defendants' Motion to Compel Arbitration of Brooks, Orr, and Trzupek's claims, filed contemporaneously herewith.

liability companies organized under the laws of the State of Delaware. *Id.* ¶ 3. Since their inception, both Fluent and Reward Zone have had their principal places of business in New York, New York. *Id.* ¶¶ 3, 23.

Reward Zone is not registered to do business in the State of Florida and has never maintained any office or place of business in the State of Florida. *Id.* ¶ 5. Other than its counsel of record in this lawsuit, Reward Zone has never had any employees or agents that resided in the State of Florida. *Id.* ¶ 6. Reward Zone has never owned, used, possessed, or held a mortgage or other lien on any real property within the State of Florida, nor does it own any personal property in the State of Florida. *Id.* ¶ 7. Reward Zone is a wholly-owned subsidiary of Fluent, and Fluent is a subsidiary of Cogint, Inc. ("Cogint"), which is a Delaware corporation qualified to do business in Florida. *Id.* ¶ 14. Other than the fact that Cogint, Reward Zone's parent company's parent company, is located in Florida, Reward Zone has no connection whatsoever to the State of Florida. *Id.*

The Barsky Declaration further establishes that Reward Zone and Fluent (a) have never had bank accounts in the State of Florida; (b) do not now, nor have they ever, advertised in the State of Florida; (c) have never maintained a lawsuit in Florida and do not presently avail themselves, nor have they previously availed themselves, of the privileges and benefits of the laws of the State of Florida; (d) do not now, nor have they ever, been required to pay taxes of any kind in the State of Florida; (e) have never contracted to insure any person, property, or risk located in the State of Florida; and (f) have no reason to reasonably anticipate being haled into court in the State of Florida. *Id.* ¶¶ 8-11, 16, 21, 27-30, 32, 34 & 40. Fluent is managed exclusively from its headquarters in New York, and approximately 90% of its employees work out of Fluent's New York office. *Id.* ¶ 23. Fluent has 122 employees; only nine are based in Florida. *Id.* ¶ 24.

Mr. Bhadania is a Computer System Engineer at Fluent and is responsible for System Maintenance and technical support for Fluent. Bhadania Decl. ¶ 1. The Bhadania Declaration establishes the following key facts, which are based, in part, on the telephone numbers provided to Defendants' counsel by Plaintiffs' counsel as Plaintiffs' telephone numbers to which the allegedly-violative texts were sent.[4]

The number supplied by Orr is a landline number, not a mobile number. *Id.* ¶ 22. Defendants' system will not identify a landline number as one to which texts can be sent even if a user inputting a landline number consents to receive texts to that number. *Id.* ¶ 23.

<u>**ARGUMENT**</u>

**I.    PLAINTIFFS CANNOT MEET THEIR BURDEN OF SHOWING THAT DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION IN THE STATE OF FLORIDA ON THE NON-RESIDENT PLAINTIFFS' CLAIMS**

**A.    Legal Standard**

A federal court may exercise jurisdiction over a non-resident defendant if: (1) personal jurisdiction is established under the state long-arm statute, and (2) minimum contacts exist such that the exercise of personal jurisdiction over the non-resident satisfies the Due Process Clause of the Fourteenth Amendment. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Both requirements must be satisfied before a court may exercise personal jurisdiction over a non-resident. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

---

[4] Because this information was provided by Plaintiffs' counsel and is the foundation for Plaintiffs' claims, the Court can properly consider it in determining whether Plaintiffs have viable claims. *See Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002) (a court may consider information attached to a motion to dismiss without converting the motion to a motion for summary judgment where the information is central to plaintiff's claim and its authenticity is not in dispute); *Pedrioli v. Barry Univ., Inc.*, No. 617CV577ORL40GJK, 2018 WL 538743, at *1 n. 2 (M.D. Fla. Jan. 24, 2018) (courts may consider information outside the four-corners of the complaint without converting the motion to dismiss to a motion for summary judgment where the information is central to plaintiff's claims and its authenticity is not disputed).

The plaintiff has the initial burden to allege an adequate basis for jurisdiction over a non-resident defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). If the plaintiff meets that burden, the burden then shifts to the defendant to "'raise[], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction.'" *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (brackets in original)).

Where, as here, the plaintiff has failed to plead an adequate basis for personal jurisdiction, once the defendant rebuts plaintiff's prima facie case "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *United Bully Kennel Club, Inc. v. Am. Bully Kennel Club, Inc.*, No. 11-80682-CIV, 2011 WL 13228570, at *3 (S.D. Fla. Oct. 5, 2011) (Middlebrooks, J.) (citing *Sculptchair*, 94 F.3d at 627).

### B.   Plaintiffs Cannot Establish General Jurisdiction over Either Reward Zone or Fluent on Any Plaintiff's Claims

Florida's long-arm statute, Section 48.193, Fla. Stat., permits a court to exercise personal jurisdiction, regardless of whether or not the claim arises from defendant's activity within the state, only if the defendant is engaged in substantial and not isolated activity within this state. *See* § 48.193(2). To satisfy the "substantial and not isolated" activity requirement, Plaintiffs must demonstrate that Defendants had "continuous and systematic general business contact" with Florida. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). They cannot.

Specifically, a court may exercise general jurisdiction over a foreign corporation only when its affiliations with the State are "so 'continuous and systematic' as to render the defendant essentially at home in the forum State." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386 (S.D. Fla. 2014) (Williams, J.) (quoting *Daimler AG v. Bauman,* 134 S.Ct. 746, 761 (2014)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct. at 760 (citing *Goodyear Dunlop Tires*

8

*Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2855-57 (2011). The "paradigm" bases for general jurisdiction over a corporation are the place of incorporation and the principal place of business of that corporation. *Goodyear*, 131 S.Ct. 2846 at 2853-54.

Neither Reward Zone nor Fluent has any affiliation – much less a "continuous and systematic" affiliation – remotely sufficient to render either "at home" in Florida. Defendants have no affiliations with Florida that would render them "at home" in this state. Plaintiffs' new conclusory and unsupported statements that Defendants "direct[ ], market[ ], and provide[ ] its business activities throughout the State of Florida," *Amended Complaint* ¶¶ 15-16, and that "Defendant [sic; which one?] committed a tortious act within the State of Florida by placing automated calls into Florida in violation of the TCPA," *id*. ¶ 19, are controverted by the sworn statements in the Barsky Declaration. Consequently, Plaintiffs may not simply rely on their insufficient allegations and, in their opposition, must prove their allegations. *See*, *e.g.*, *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint"). As will be shown in the briefing of this motion, Plaintiffs cannot establish general jurisdiction over Defendants.

### C.   Plaintiffs Cannot Establish Specific Jurisdiction over Either Reward Zone or Fluent with Respect to the Non-Resident Plaintiffs' Claims

Specific jurisdiction "authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a non-resident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Wertheim Jewish Educ. Trust, LLC v. Deutsche Bank AG*, No. 17-CV-60120-KMM, 2017 WL 6313937, at *7 (S.D. Fla. Dec. 6, 2017) (Moore, J.) (internal citations and quotations omitted). "In other words, there must be some nexus or connection between the business that is conducted in Florida and the cause of

action alleged." *Id.* (citing *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 971 (11th Cir. 1986)). The Non-Resident Plaintiffs cannot show specific jurisdiction either.

The Non-Resident Plaintiffs could never meet their burden to show specific jurisdiction, because, on their face, their claims have no connection to Florida. Instead, each of them – not a "resident" of Florida – claims to have received a text from a non-Florida Defendant. *See Amended Complaint* ¶¶ 10-23. That has nothing to do with Florida and cannot provide any basis for specific jurisdiction under Florida's long-arm statute.

Consequently, the Non-Resident Plaintiffs not only have not pled an adequate basis for specific personal jurisdiction, they have no ability to meet their evidentiary burden. Accordingly, their claims fail to meet the test for either general or specific jurisdiction under Florida law, and the Complaint must be dismissed for lack of personal jurisdiction.

### D.    The Court's Exercise of Personal Jurisdiction over the Claims of the Non-Resident Plaintiffs Would Violate the Due Process Clause

Even if the Non-Resident Plaintiffs could satisfy Florida's long-arm statute – and they cannot, as established above – recent Supreme Court decisions bar the exercise of jurisdiction here. In the past few years, the United States Supreme Court has reformulated and reframed the due process analysis. Under this framework, this Court may not exercise personal jurisdiction over Reward Zone or Fluent.

The Supreme Court began reframing the analysis with its decision in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011). In *Goodyear*, the Supreme Court held that courts may exercise general jurisdiction over a foreign defendant corporation only when the corporation's affiliations with the state in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State." *Id*. at 2851. Then, in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), the Supreme Court refined this principle, noting, "*Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to

all-purpose jurisdiction there[,]" in the context of determining whether a corporation could be subjected to general jurisdiction based on its subsidiary's contacts with the forum. *See* 134 S.Ct. at 760. Furthermore, the Court categorically rejected the argument that it should "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Id*. at 761. "That formulation, we hold, is unacceptably grasping." *Id*.

Most recently, the Supreme Court addressed personal jurisdiction in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). The Court reaffirmed its holdings in *Goodyear* and *Daimler*, reiterating that, for general jurisdiction, "'the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Id*. at 1780 (quoting *Goodyear*, 131 S.Ct. at 2853). The Court further confirmed that a court may only exercise specific jurisdiction over a foreign defendant when there is a direct connection between the forum and the underlying controversy. *See id.* at 1781.

Defendants raised these arguments in their initial motion to dismiss. *See*, *generally*, ECF No. 23. Plaintiffs' response was to amend by adding one alleged Florida-resident plaintiff (Brooks) and two more non-Florida-resident plaintiffs (Orr and Trzupek). Ironically, Plaintiffs have even more closely aligned this case with the facts of *Bristol-Myers* and further supported Defendants' argument that the Court lacks personal jurisdiction over Defendants with respect to the claims of the now four Non-Resident Plaintiffs: Hilton, Nikerina, Orr, and Trzupek.

In now-indistinguishable circumstances, the Supreme Court found in *Bristol-Myers* that constitutional due process precluded a California court from exercising specific jurisdiction over the defendant, a non-resident of California, sued by a collection of out-of-state and in-state plaintiffs. *See* 137 S.Ct. at 1783. In *Bristol-Myers*, nearly 600 plaintiffs, including both

California residents and non-residents, filed actions against Bristol-Myers Squibb in California state court alleging complications from taking Plavix. The company was neither incorporated nor headquartered in California, but it did have five research facilities, around 160 employees and 250 sales representatives, and a state-government advocacy office in California. *See id.* at 1777-78. However, the product was not produced, packaged, or approved in California, and the marketing strategy was not developed there. *See id.* Under these facts, the Supreme Court held that the California Supreme Court's exercise of specific jurisdiction over the non-resident defendant with respect to the non-residents' claims violated the Due Process Clause of the Fourteenth Amendment. *Id.* at 1781.

In so holding, the Supreme Court established that a court may only exercise specific jurisdiction over a foreign defendant when there is a <u>direct connection</u> between the forum and the underlying controversy. *See id.* at 1781. Correspondingly, "[w]hen there is no such connection, specific jurisdiction is lacking <u>regardless of the extent of a defendant's unconnected activities in the State</u>." *Id.* (citing *Goodyear*, n. 6, 131 S.Ct. at 2846) (emphasis added).

As shown by the Barsky Declaration, Defendants have much less of a connection to Florida than Bristol-Myers Squibb had to California. The Non-Resident Plaintiffs seek to litigate in this Court against non-resident Defendants who have next to no ties to Florida. They are expressly trying to do exactly what the non-residents unsuccessfully tried to do in *Bristol-Myers*: piggy-back their claims on those of a state resident (Brooks) to establish a connection to Florida, where no connection otherwise exists. *See Amended Complaint* ¶ 21 (contending that personal jurisdiction exists because "Plaintiff John Brook's claim arises directly from an automated call that Defendant made to this forum. Accordingly there is a direct causal relationship between Defendant, the forum, and this litigation."). The Court must reject their argument.

Since *Bristol-Myers*, numerous courts have analyzed the issue of whether a court may exercise personal jurisdiction over a non-resident defendant and found that the assertion of personal jurisdiction in actions, including class actions, brought in fora other than where the defendant is "at home" violates due process. *See*, *e.g.*, *Dyson v. Bayer Corp.*, No. 4:17CV2584 SNLJ, 2018 WL 534375, at *4 (E.D. Mo. Jan. 24, 2018) (dismissing the claims of non-Missouri claims for lack of jurisdiction where the non-Missouri plaintiffs lacked a "connection between the forum and specific claims at issue") (citing *Bristol-Myers Squibb*, 137 S.Ct. at 1781); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *1 (N.D. Ill. Jan. 18, 2018) (dismissing complaint where recovery was sought by out of state plaintiff classes). Indeed, Florida's Third District Court of Appeal – which encompasses much of this District – recognized that "that recent constitutional jurisprudence suggests that, to comply with the Fourteenth Amendment's due process requirement, a state court may exercise specific jurisdiction over a nonresident defendant only when the complained-of injury actually occurs in the forum state." *Banco de los Trabajadores v. Moreno*, No. 3D17-730, 2018 WL 522186, at *6 n.10 (Fla. 3d DCA Jan. 24, 2018) (citing *Bristol-Myers*) (emphasis added).

Notably, this conclusion has also been recently reached in the context of a TCPA putative class action. Last month, the District Court of New Jersey dismissed a case for lack of personal jurisdiction because the defendant's act of placing telephone calls from outside the forum (using an area code of the forum) to plaintiffs who received the call in a state other than the forum and who had no relationship with the forum, did not "constitute an actual activity or occurrence taking place in this State." *Hicks v. Health Ins. Innovations, Inc.*, No. CV173344SDWLDW, 2017 WL 6764054, at *2 (D.N.J. Dec. 20, 2017), *report and recommendation adopted*, CV173344SDWLDW, 2018 WL 325308 (D.N.J. Jan. 8, 2018).

Additionally, decisions from the Middle District have recognized that the Supreme Court's recent decisions have "reiterated the importance of the 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State' in the context of specific jurisdiction." *Hinkle v. Cont'l Motors, Inc*., 268 F. Supp. 3d 1312, 2017 WL 3333120, at *5 (M.D. Fla. July 21, 2017) (citing *Bristol-Myers*), *appeal dismissed*, No. 17-13716-J, 2017 WL 5635149 (11th Cir. Oct. 17, 2017). Now, "[t]he law is clear that, when specific jurisdiction is at issue, the Court must disregard the forum contacts that are not connected to the plaintiff's cause of action." *Andrew v. Radiancy, Inc.*, No. 16-cv-1061, 2017 WL 2692840, at *6 (M.D. Fla. June 22, 2017) (citing *Bristol-Myers*).

Hilton, Nikerina, Orr, and Truzpek claim no connection to the state of Florida – other than that Brooks is a co-plaintiff. They do not claim they received the text messages in Florida, visited Defendants website in Florida, or suffered the alleged harm in Florida.[5] Accordingly, under the controlling Supreme Court precedent of *Bristol-Myers*, this Court may have jurisdiction over Brooks' claims, but it does not have personal jurisdiction over Defendants to adjudicate the claims of the Non-Resident Plaintiffs. "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct 1773 at 1781. Therefore, the *Amended Complaint* must be dismissed for lack of personal jurisdiction with respect to the Non-Resident Plaintiffs, whether or not Florida's long-arm requirements are met (and they are not).

## II.    THE COURT LACKS DIVERSITY JURISDICTION

To exercise subject matter jurisdiction based on diversity under CAFA, the Court must analyze two factors (as it does any time diversity jurisdiction is alleged): the amount in

---

[5] Defendants do not concede that any or all of these claims would be sufficient for the Non-Resident Plaintiffs to plead personal jurisdiction.

controversy and the citizenship of the plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A)-(C). While Plaintiffs plead the CAFA amount in controversy, *see Amended Complaint* ¶ 17,[6] they incorrectly base their claim to diversity jurisdiction on their residence. Specifically, the *Amended Complaint* alleges that Orr is a "resident of Louisville, Kentucky," that Brooks is a "resident of Saint Lucie, Florida," and that Truzpek is a "resident of Denver, Colorado." *Id*. ¶¶ 12-14. Plaintiffs have not alleged their <u>citizenship</u> anywhere in their *Amended Complaint*, which defeats their claim to diversity jurisdiction. "<u>Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person</u>." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (in alleging diversity, "residence alone is not enough").

Because Plaintiffs fail to allege their citizenship, they have failed to plead the existence of subject matter jurisdiction based on diversity of the parties. Therefore, the *Amended Complaint* as a whole should be dismissed for reliance on an invalid jurisdictional basis.

**III.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ORR'S CLAIMS ENTIRELY – AND OVER BROOKS AND TRZUPEK'S CLAIMS IN COUNT II – BECAUSE THEY LACK AN INJURY SUFFICIENT TO ESTABLISH ARTICLE III STANDING FOR THESE CLAIMS**

**A.    Standing Is a Threshold Matter**

Defendants move to dismiss Orr's claims entirely and Brooks and Trzupeks' claims in Count II pursuant to Rule 12(b)(1) for lack of standing. "[B]ecause the constitutional standing doctrine stems directly from Article III's 'case or controversy' requirement … this issue implicates [a court's] subject matter jurisdiction, and accordingly must be addressed as a threshold matter …." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir.

---

[6] Defendants do not concede that Plaintiffs can meet the CAFA amount-in-controversy requirement; however, given their failure to meet the citizenship diversity requirement, it is a moot point for now.

2003) (citing *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)); *see also Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction ….") (internal quotations and citations omitted).

The Supreme Court "has held that Article III requires, as an irreducible minimum, that a plaintiff allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 589 (1992) (internal citations and quotations omitted).

As discussed below, Orr, Brooks and Trzupek cannot meet their burden of proving standing because they cannot demonstrate an "injury in fact." Additionally, Brooks and Trzupek cannot demonstrate redressability, which must also be shown for standing. Therefore, all of Orr's claims and Count II should also be dismissed.

**B.     Orr Has Not Suffered an Injury in Fact**

Orr has not suffered an injury in fact and, therefore, lacks Article III standing to bring her claim. Orr claims she "received an unsolicited text message from Defendants on her cellular phone …." *Amended Complaint* ¶ 74. To have standing, Orr must have suffered an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized …." *Lujan*, 504 U.S. 555 at 560. The Bhadania Declaration establishes that Orr's claim that she received a text message cannot be correct, because the telephone number she claims is actually a landline—and not a cellular telephone line. *See id.* ¶ 22. Defendants' system simply will not post a landline number to a text message service provider or a text message client even if a user inputting a landline number consents to receive text messages to that number. *Id.* ¶ 23.   The text message allegedly received by Orr could not have been sent as a result of Defendant posting a

lead with the telephone number 502-491-4182 to any of its call center/telemarketing clients or text message clients or text message service providers.  *See id*. ¶ 15.

Because Orr could not have received a text message to her landline number as a result of any action by Defendants as she claims, Orr has not suffered an injury in fact. Simply put, there is no standing unless the plaintiff has been injured in some way by the defendant. *See Simon v. E. Kentucky Welfare Rights Org*., 426 U.S. 26, 40-41 (1976). As a result, Orr lacks Article III standing and her claims must be dismissed. *Lacasa v. Townsley*, 883 F. Supp. 2d 1231, 1238 (S.D. Fla. 2012) (Zloch, J.) ("Absent this necessary 'injury in fact,' there is no justiciable or cognizable 'case or controversy' before this Court, and the Court lacks jurisdiction ….").

### C.   Brooks and Trzupek Lack Standing to Bring Count II, Which Therefore Must Be Dismissed in Its Entirety

Count II of the *Amended Complaint* must be dismissed for lack of standing and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) respectively. Count II fails for two reasons: First, Brooks only received one text message and, therefore, has no "Do Not Call Registry" claim, because 47 U.S.C. § 227(c)(5) is only triggered when a person receives "more than one telephone call[.]" *See id*. Second, because Brooks and Trzupek are plaintiffs in Count I – the "No Consent" count – they could not recover under Count II for the same texts, because the "Do Not Call" damages provision bars any recovery beyond what they could receive under Count I.

Brooks alleges he received a single text message on October 19, 2017. *Amended Complaint* ¶ 88. However, 47 U.S.C. § 227(c)(5) only provides a private right of action to "a person who has received <u>more than one telephone call</u> within any 12-month period …." (emphasis added). Therefore, because Brooks has not pled the threshold injury requirement to state a claim under 47 U.S.C. § 227(c)(5) – the receipt of more than one "call" – Brooks has no entitlement to relief under this provision of the TCPA. Accordingly, he has failed to suffer any injury, which requires dismissal of his claim for lack of standing under Rule 12(b)(1), and he has

also failed to state a claim, which independently requires dismissal under Rule 12(b)(6). As a result, Count II must be dismissed with respect to Brooks.

Second, Count II must be dismissed in its entirety because Brooks and Trzupek, as plaintiffs in the "No Consent" claim in Count I, cannot recover independently under Count II. Obviously, if Brooks and Trzupek consented to receive texts – as Defendants show they did[7] – they have no claim under Count I or Count II. For purposes of this motion to dismiss, however, accepting their allegations and legal theories as true, that means Brooks and Tzupek would be entitled to $500 under Count I for the texts they received. But, they are barred by the "Do Not Call" statutory language from receiving anything more for their claim under Count II; consequently, they have no redressable injury from Count II and lack standing.

The TCPA provides a private right of action to an individual who receives a call to his/her cellular telephone without having provided prior express consent to be contacted on that number. *See* 47 U.S.C. § 227 (b)(1)(A)(iii). With respect to damages, the language is specific, authorizing a person "to receive $500 in damages for each such violation." 47 U.S.C. § 227 (b)(3)(B) (emphasis added). Consequently, if Brooks and Trzupek did not consent, the statute provides for $500 "per violation." However, the damages provision in 47 U.S.C. § 227(c)(5)(B), which is the statutory basis for the "Do Not Call" claim in Count II, *see Amended Complaint* ¶ 139, is also specific – and specifically defeats any ability to recover anything separate from the recovery for a claimed violation of § 227 (b)(1)(A)(iii).

Under § 227(c)(5)(B), "[a] person who has received more than one call within any 12-month period … may … bring … an action … to receive up to $500 in damages for each such violation[.]" (emphasis added). Thus, damages are expressly capped at a maximum of $500. As a result, if Trzupek and Brooks were to prevail on Count I, they would be awarded $500, which

---

[7] *See* Bhadania Decl. ¶¶ 32-33, 43-44.

means they can recover no damages under 47 U.S.C. § 227(c)(5)(B). Consequently, because the damages they seek under Count I entirely encompass the damages they can recover under Count II, they have no redressable injury under Count II – and therefore lack Article III standing with respect to Count II. *See Lujan*, 504 U.S. at 561 (standing requires an injury in fact and a likelihood that the injury will be redressed by a decision in favor of the plaintiff).

## IV.   NO ARTICLE III INJURY ARISES FROM MERE RECEIPT OF A TEXT

The receipt of a single text message – without more – is not a sufficient injury-in-fact for a viable claim pursuant to the TCPA. As the Eleventh Circuit recently explained, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). Following *Spokeo*, federal courts across the nation have dismissed statutory claims similarly alleging only "a bare procedural violation, divorced from any concrete harm," finding that such claims do not "satisfy the injury-in-fact requirement of Article III" standing. 136 S. Ct. at 1549. "[T]he relevant question is whether [plaintiff] was harmed when th[e] statutory right was violated." *Nicklaw*, 839 F.3d at 1002; *see also Mejia v. Ocwen Loan Servicing, LLC*, 730 F. App'x 860, 861, 865 (11th Cir. Aug. 8, 2017) ("affirm[ing] for the reasons stated in the District Court's dispositive order" dismissal of claim pursuant to "the Supreme Court's guidance in *Spokeo*" because "[p]laintiff cannot assert a statutory violation" where "[p]laintiff has not suffered a concrete injury in fact").

Plaintiffs here fail to allege any ultimate facts to show that they incurred any injury in fact. Instead, they allege in a conclusory and vague fashion receipt of text messages "caused … actual harm, including invasion of …privacy, aggravation, annoyance, intrusion on seclusion,

trespass, and conversion" and "also inconvenienced … and caused disruption to … daily life." *See Amended Complaint* ¶¶ 53, 69, 82, 96, 112. These cursory allegations are wholly insufficient in the Eleventh Circuit to provide them with Article III standing, which means Plaintiffs claims should be dismissed in their entirety.

Notably, this exact issue – whether receipt of a text message is a sufficient injury-in-fact for a viable claim pursuant to the TCPA – is currently is being considered by the Eleventh Circuit in *Hanna v. Salcedo*, Appeal No. 17-14077, as a result of Judge Gayles' certification of this issue as "an unsettled and controlling question of law" as to which there is substantial ground for difference of opinion. *See Hanna v. Salcedo*, No. 16-cv-62480, 2017 WL 4226635, at *1-2 (S.D. Fla. June 14, 2017) (Gayles, J.); *see also* Amended Endorsed Order (ECF No. 42; docket text only), *Hanna v. Salcedo*, No. 16-cv-62480 (S.D. Fla. June 14, 2017) (attached hereto as **Exhibit C**, at p. 4-5 of 10). Judge Gayles stayed his action upon certification of the question, finding that a resolution by the Eleventh Circuit would "materially advance the termination of this litigation and potentially eliminate the need for protracted and expensive litigation over one text message." 2017 WL 4226635, at *1. The Eleventh Circuit, by Order dated September 13, 2017, granted Appellants' Petition for Permission for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), thus accepting jurisdiction to resolve this critical question of standing that applies with equal force to this case. Briefing is ongoing, with the appellees' brief due February 9, 2018. *See* Docket, Appeal No. 17-14077 (11th Cir.).

Therefore, if the Court is not inclined to dismiss this case for lack of personal jurisdiction, compel arbitration pursuant to the concurrently filed *Motion to Compel Arbitration of First Amended Class Action Complaint*, or dismiss this case in its entirety for lack of standing, then the Court should stay this case pending the Eleventh Circuit's decision in *Hanna v. Salcedo*.

CONCLUSION

The *Amended Complaint* should be dismissed first and foremost for lack of personal jurisdiction with respect to the claims of Hilton, Nikerina, Orr, and Trzupek. Additionally, the Court cannot exercise diversity jurisdiction over any of the Plaintiffs' claims. Moreover, Orr, Brooks, and Trzupek's claims should be dismissed for lack of standing, in whole or in part. Finally, Plaintiffs lack standing to make their TCPA claims because they have suffered no Article III injury, which means the entire *Amended Complaint* should be dismissed.

WHEREFORE, Defendants Fluent, LLC and Reward Zone USA, LLC respectfully request that this Court enter an order dismissing Plaintiffs' *First Amended Class Action Complaint* for lack of personal jurisdiction, lack of subject matter jurisdiction and failure to state a claim, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date:  February 6, 2018

**AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Tel: 561-653-5000
Fax: 561-659-6313

By: */s/ Erin M. Maddocks*
    Lawrence P. Rochefort, Esq.
    Florida Bar No. 769053
    E-mail: lawrence.rochefort@akerman.com
    Erin M. Maddocks, Esq.
    Florida Bar No. 052350
    E-mail: erin.maddocks@akerman.com

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver, Esq.
    Florida Bar No. 993580
    E-mail: christopher.carver@akerman.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2018, I electronically filed *Defendants' Motion to Dismiss First Amended Class Action Complaint* with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on parties as listed (through counsel or those reflected as appearing without counsel) on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Christopher S. Carver*
    Attorney